IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| MOORE OR LESH, LLC | ) |
| Plaintiff | ) |
| v. | ) Civil Action No._____ |
| MACY'S, INC. | ) |
| Defendant | ) |

## COMPLAINT

Plaintiff, Moore or Lesh, LLC ("Plaintiff") hereby alleges as follows:

### Parties

1. Plaintiff is a company organized under the law of the District of Columbia having a principal place of business at 5001-A Forbes Boulevard, Lanham, Maryland 20706.

2. Defendant Macy's, Inc. ("Defendant") is a Delaware corporation with a place of business at 7 West Seventh Street, Cincinnati, Ohio 45202.

### Jurisdiction

3. This is an action for trademark infringement and unfair competition arising under the Federal Trademark Act, 15 U.S.C. § 1051 *et seq.* and the common law of the State of Maryland.

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 in that these claims are brought to determine an actual controversy between the parties arising under the trademark and unfair competition laws of the United States, and common law claims under Maryland law are joined with substantial and related claims under the Federal Trademark Act.

5.     The acts by Defendant that are the subject of this Complaint have occurred within stores owned and/or operated by Defendant within the State of Maryland. Thus, this Court has personal jurisdiction over Defendant and venue is also proper pursuant to 28 U.S.C. § 1391(b) and (c).

## Factual Background

A.     Plaintiff's Trademark

6.     Plaintiff adopted the trademark ESPOT and first used the mark in commerce at least as early as June 29, 2004 to identify its online marketing services.

7.     Plaintiff registered its ESPOT mark with the U.S. Patent and Trademark Office for the following services: on-line auction services; operating on-line marketplaces for sellers of goods and/or services; on-line retail consignment store services featuring antiques, art, books, cameras, cell phones, clothing and fashion accessories, coins, collectibles, computers and networking equipment, electronics, furniture and home furnishings, jewelry and watches, motor vehicles, musical instruments and equipment, sporting goods, and vintage toys.

8.     Plaintiff's application to register the ESPOT mark was filed on July 6, 2004 and issued as Registration No. 3,121,701 on July 25, 2006. A copy of the certificate of registration is attached hereto as Exhibit A and incorporated by reference herein.

9.     Plaintiff's mark as registered appears as eSpot and the mark as used often appears in the form of *e*•spot.

10.    The ESPOT mark for on-line marketing services constitutes the lawful, valued and exclusive property of Plaintiff. As a result of the quality of Plaintiff's services, and the sales and promotion thereof, Plaintiff's ESPOT mark has become an intrinsic and

essential part of the valuable goodwill and property of Plaintiff, and this mark is known and established to consumers and in the trade as identifying and distinguishing Plaintiff as the source of these services.

B.   Defendant's Acts

11.   In May 2008, Defendant introduced an in-store automated shopping device in the nature of a vending machine or kiosk that was, and is, identified as e•Spot for the sale of consumer electronics. An example of Defendant's use of e•Spot is shown in the photograph at Exhibit B.

12.   Defendant's e•Spot devices established the resumption of Defendant's retail sales of mp3 players, digital cameras, and similar consumer electronics.

13.   Plaintiff, through counsel, notified Defendant by letter dated July 3, 2008 that its use of e•Spot was an infringement of Plaintiff's trademark rights. Despite the essentially identical impressions formed by Plaintiff's registered eSpot mark and Defendant's use of e•Spot, Defendant denied any infringement or violation of Plaintiff's rights by letter of counsel dated July 25, 2008.

C.   Harm to the Plaintiff

14.   Defendant's aforesaid acts in commerce have caused and are causing irreparable harm to Plaintiff through a likelihood of confusion and/or reverse confusion among relevant purchasers as to the source, origin, sponsorship or approval of the services associated with Defendant, through the depreciation of Plaintiff's valuable goodwill symbolized by its trademark, and through Plaintiff's loss of control over its trademark.

15.   Defendant's unlawful acts, unless restrained, are likely to continue causing further irreparable harm to Plaintiff.

16.     Plaintiff has no adequate remedy at law because injury to its goodwill and control over its trademark cannot be quantified, and such injury cannot be compensated by monetary amounts.

### First Claim for Relief

### Infringement of Registered Trademark

### 15 U.S.C. § 1114(1)

17.     The allegations of paragraphs 1 through 16 are incorporated by reference herein.

18.     As a complete and first ground for relief, Defendant's aforesaid acts constitute trademark infringement in violation of 15 U.S.C. § 1114(1), thereby invoking and making available to Plaintiff the remedies provided by 15 U.S.C. §§ 1116—1118.

### Second Claim for Relief

### Trademark Infringement and False Designation of Origin

### 15 U.S.C. § 1125(a)

19.     The allegations of paragraphs 1 through 16 are incorporated by reference herein.

20.     As a complete and second ground for relief, Defendant's aforesaid acts constitute trademark infringement and a false designation of origin in violation of 15 U.S.C. § 1125(a), thereby invoking and making available to Plaintiff the remedies provided by 15 U.S.C. §§ 1116—1118.

### Third Claim for Relief

### Common Law Trademark Infringement

21.     The allegations of paragraphs 1 through 16 are incorporated by reference herein.

22.     As a complete and third ground for relief, Defendant's aforesaid acts constitute common law trademark infringement under the law of Maryland, thereby invoking and

making available to Plaintiff all the applicable remedies provided by the law of Maryland.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment that:

   a. Plaintiff's trademark is valid and is the exclusive property of Plaintiff; and

   b. Defendant has infringed Plaintiff's trademark and competed unfairly with Plaintiff, and that such infringement and unfair competition has been willful.

2. That Defendant, and each of its officers, agents, servants, employees, attorneys, successors and assigns, and all persons in active concert or participation with them, be enjoined preliminarily and permanently from:

   a. Using in any manner Plaintiff's trademark, or any other mark that so resembles Plaintiff's trademark, as to be likely to cause confusion, deception or mistake, on or in connection with the advertising, offering for sale or sale of any product or service which is not authorized by Plaintiff;

   b. Using any false or misleading designation of origin which tends to pass off Defendant's goods or services as authorized by Plaintiff; and

   c. Any conduct that otherwise infringes Plaintiff's copyrights or trademark or competes unfairly with Plaintiff.

3. An order directing Defendant to deliver to Plaintiff or its attorneys for destruction or other appropriate disposition all products found to infringe Plaintiff's trademark, the means for making said products, including plates, molds, masters and similar apparatus,

and any advertising material, labels, signs, prints, packages, wrappers and receptacles associated therewith.

4. That Defendant, within thirty (30) days after service of judgment with notice of entry thereof, be required to file with the Court and serve upon Plaintiff's attorneys a written report under oath setting forth in detail the manner in which it complied with paragraphs 2 and 3 above.

5. An accounting of all profits received by Defendant from the sale of products in connection with its acts of infringement.

6. An award of the actual damages sustained by Plaintiff on account of Defendant's infringement and unfair competition.

7. That this Court order Defendant to pay treble damages and/or profits in view of their willful trademark infringement and unfair competition.

8. That Defendant be required to pay Plaintiff punitive and/or enhanced damages in an amount as the Court may determine just for their willful conduct.

9. That Defendant pay all costs, disbursements and attorney's fees in this matter.

10. That Plaintiff be awarded interest, including prejudgment interest, for any monetary award of damages and/or profits.

11. For such other and further relief as this Court deems just and proper.

Dated: May 22, 2009

Jeffrey R. Cohen (13869)
Millen, White, Zelano & Branigan, P.C.
8416 Westmont Terrace
Bethesda, MD 20817
Tel (301) 598-2948
Fax (703) 243-6410
Email: cohen@mwzb.com
Attorney for Plaintiff